UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FARRAH GILOT,

                        Plaintiff,

        - against -

CHRIST US SANTA ROSA HOSPITAL, and
COMPA AMBULANCE,

                       Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-0259 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Farrah Gilot has filed this action pursuant to 28 U.S.C. § 1332, accusing Christ US Santa Rose Hospital and Compa Ambulance ("Defendants") of a data breach and of selling her information to a third party; she seeks $85,000 in damages. (*See* Compl., Dkt. 1, at ECF[1] 5–7.) Plaintiff applied to waive the filing fees by filing an application to proceed *in forma pauperis* ("IFP"). (IFP Mot., Dkt. 2.) For the reasons stated herein, the Court transfers this action to the United States District Court for the Western District of Texas.

## DISCUSSION

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see, e.g., Covial v. Francillion*, No. 24-CV-3125, 2024 WL 2722142, at *1 (E.D.N.Y. May 28, 2024). A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Here, because Defendants are located in San Marcos, Texas, (Compl., Dkt. 1, at ECF 2), and the events giving rise to this action occurred there, (*see id.* at ECF 7), the Court finds that transfer of this action to the United States District Court for the Western District of Texas is warranted.  *See Colacino v. Davis*, No. 19-CV-9648 (VB), 2020 WL 4340730, at *2 (S.D.N.Y. July 28, 2020) ("Because defendant resides in, and a substantial part of the events giving rise to plaintiffs' claims occurred within, the Western District of New York, in the interest of justice, the Court will transfer this case to the Western District of New York.").

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of Texas.  28 U.S.C. §§ 1391(b), 1406(a).  No summons shall issue from this Court.  A decision on plaintiff's request to proceed IFP is reserved for the transferee court.  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.  This order closes this action in this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 27, 2026
       Brooklyn, New York